## CHARLESTOWN.

MᴄKɪɴɴᴇʏ v. Hᴀᴍᴍᴇᴛᴛ et al.

Submitted June 19, 1885 —Decided October 2, 1885.

A defendant against whom a decree has been rendered upon bill taken for confessed can not appeal to this Court for the review of alleged errors in such decree until after he has first applied to the court below for the correction of such errors in the manner prescribed by sec. 5, ch. 134 of Code. If an appeal is granted from such decree it will be dismissed as having been improvidently awarded.

The facts of the case are stated in the opinion of the Court:

*R. S. Blair* for appellant.

No appearance for appellee.

Sɴʏᴅᴇʀ, Jᴜᴅɢᴇ:

Suit in equity brought October 1880, in the circuit court of Pleasants county by James McKinney against George S. Hammett, Adam Flesher and others to ascertain the debts due from the estate of Solomon Clovis, deceased, and subject the real estate of which he died seized to the payment of the same, &c.

The cause was referred to a commissioner and a report of the debts and assets of the estate of said Clovis was made and returned by him which was confirmed by the court without objection or exception and the real estate directed to be sold. The sale was made and confirmed without exception by a decree entered March 12, 1884. On the petition of the defendant, Adam Flesher, this appeal was allowed September 6, 1884.

Neither the appellant nor any of the other defendants answered the plaintiff's bill or otherwise made any defence in the court below, but as to each and all of them the cause was heard and all the decrees entered upon the bill taken for confessed.

This Court has repeatedly decided that a defendant, as to whom a decree has been entered upon a bill taken for con-

fessed, can not have such decree reviewed by this Court, until he shall have first applied to the court below to have such decree corrected in the manner prescribed by sec. 5 of ch. 134 of the Code. *Baker* v. *W. M. & M. Co.*, 6 W. Va. 196; *Dickinson* v. *Lewis*, 7 *Id.* 673; *Bock* v. *Bock*, 24 *Id.* 586; *Steenrod* v. *Railroad Co.*, 25 *Id.* 133.

The appeal in this cause must, therefore, be dismissed as having been improvidently awarded.

DISMISSED.

<table>
<tr><td>26</td><td>629</td></tr>
<tr><td>35</td><td>561</td></tr>
<tr><td>36</td><td>54</td></tr>
<tr><td>26</td><td>629</td></tr>
<tr><td>45</td><td>345</td></tr>
<tr><td>26</td><td>629</td></tr>
<tr><td>47</td><td>096</td></tr>
<tr><td>26</td><td>629</td></tr>
<tr><td>50</td><td>83</td></tr>
<tr><td>26</td><td>629</td></tr>
<tr><td>55</td><td>448</td></tr>
<tr><td>26</td><td>629</td></tr>
<tr><td>65</td><td>131</td></tr>
</table>

# CHARLESTOWN.

F. G. & L. C. JONES *v.* LEMON *et al.*

Submitted September 9, 1885.—Decided October 2, 1885.

1. It is well settled, that while in cases of direct or express trusts, as between the trustee and *cestui que trust*, the statute of limitations has no application during the continuance and recognition of the trust, yet if the trustee repudiates the trust by clear and unequivocal acts or words, and claims thereafter to hold and control the estate as his own not subject to any trust, and such repudiation and claim are brought to the notice or knowledge of the *cestui que trust* in such manner that he is called upon to assert his equitable rights, the statute will begin to run from the time that such knowledge is brought home to the *cestui que trust*. (p. 634.)

2. Unless there is an express saving in the statute of limitations, no person will come within its exceptions, and the prescribed limitations will operate against persons under disabilities as well as others; and the express exceptions refer only to such disabilities as exist at the time the right of action first accrued; for while, if several disabilties exist together at that time, the statute will only begin to run at the cessation of the last of them, yet if a second disability occur after those then existing have ceased, it can not be pleaded; for it is the settled law that when the statute has once begun to run no subsequent event will interrupt it. (p. 635.)

3. When the subject is land, of which the trustee has the legal title, and the *cestui que trust* is a member of his family living upon the land, if the trustee, asserting title in himself, conveys a part of the land, by deed in his own name, to a third person whom he places in possession of the part so sold and takes the purchasemoney to himself, the deed is put upon record and there is no